ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2569
   Facsimile: (213) 894-7177
   E-mail: victor.rodgers@usdoj.gov

JS - 6

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 12-8462-R(FMOx) |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT OF FORFEITURE** |
| $29,000.00 IN U.S. CURRENCY, | |
| Defendant. | |
| GREGG CARTER, | |
| Claimant. | |

On or about October 3, 2012, Plaintiff United States of
America ("the government," "the United States of America" or
"plaintiff") filed a Complaint for Forfeiture alleging that the
defendant $29,000.00 in U.S. Currency (the "defendant currency") is

subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

Claimant Gregg Carter ("claimant") filed a claim to the defendant currency and an answer to the Complaint on or about November 20, 2012.  No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2.    The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

3.    Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than claimant.  The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4.    The sum of $2,500.00 only (without interest) shall be returned to claimant.  The remainder of the defendant currency (i.e., $26,500.00), plus the interest earned by the United States of America on the defendant currency shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

/ / /

5.    The funds to be returned to claimant pursuant to paragraph 4 above shall be paid to claimant by electronic transfer directly into a bank account designated by claimant.   Claimant shall provide all information and complete all documents requested by the United States of America in order for the United States of America to process the transfer including, without limitation, providing claimant's social security and taxpayer identification numbers (if any), and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the account to which the transfer of funds is to be made.

6.    Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7.    The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings.   This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

/ / /

3

1       8.    The Court further finds that claimant did not

2   substantially prevail in this action, and the parties hereto shall

3   bear their own attorney fees and costs.

4

5       DATED:_January 4, 2013__

6

7   _____

8   THE HONORABLE MANUEL L. REAL
    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CONSENT</u>

2

The parties hereto consent to the above judgment and waive any

3

right of appeal.

4

5

DATED: January 3, 2013                    ANDRÉ BIROTTE JR.
                                          United States Attorney

6                                         ROBERT E. DUGDALE
                                          Assistant United States Attorney

7                                         Chief, Criminal Division
                                          STEVEN R. WELK

8                                         Assistant United States Attorney
                                          Chief, Asset Forfeiture Section

9

10                                        /s/ Victor A. Rodgers
                                          _____

11                                        VICTOR A. RODGERS
                                          Assistant United States Attorney

12
                                          Attorneys for Plaintiff

13                                        UNITED STATES OF AMERICA

14

DATED: December 19, 2012                  /s/ Gregg Carter
                                          _____

15                                        GREGG CARTER
                                          In Pro Per

16

17

18

19

20

21

22

23

24

25

26

27

28